Dear Representative Cooper:
You have submitted a request to this office for an opinion in response to the following question:
 Could you clarify who has primary coverage responsibility in an action involving a volunteer healthcare professional working pro bono in a "free clinic" qualified as an exempt entity in SB577 specifically commenting on the impact of the new language contained in SB 577 . . .
 "Liability or malpractice insurance obtained and maintained in force by or on behalf of any health care professional licensed or registered under chapter 330, 331, 332, 334, 335, 336, 337, or 338
RSMo, shall not be considered available to pay that portion of a judgment or claim for which the state legal expense fund is liable under this paragraph;"
 The crucial understanding needed is to be able to assure a volunteer health care professional that his/her employer or *Page 2 
his/her personal liability carrier would not be held responsible for any claim while providing free care in a 501(c)(3) entity.
We assume that you are inquiring about the effect of amendments made to Section 105.711.2(3)(d), which provides legal expense fund coverage for certain health care providers who provide services at nonprofit community health centers. The coverage is predicated on a number of conditions:
1. The provider must be a physician, nurse, physician assistant, dental hygienist, dentist, or other health care professional licensed or registered under Chapter 330, 331, 332, 334, 335, 336, 337, or 338, RSMo.
2. The provider must provide health care services within the scope of his or her license or registration.
3. The services must be provided at:
 a. a city or county health department organized under chapter 192, RSMo, or chapter 205, RSMo;
 b. a city health department operating under a city charter;
 c. a combined city-county health department; or
 d. a nonprofit community health center qualified as exempt from federal taxation under Section 501(c)(3) of the Internal Revenue Code of 1986, as amended.
4. The services must be restricted to primary care and preventive health services, and shall not include the performance of an abortion.
5. The services must be provided without compensation.
6. In the event a claim is made, the health care provider must cooperate with the attorneys investigating or preparing any defense as prescribed by Section 105.716.2.
If these conditions are met, then liability or malpractice insurance obtained and maintained in force by or on behalf of any such health care professional shall not be considered available to pay that portion of a judgment or claim for which the state legal expense fund is available under this statute. However, the statute further provides that the *Page 3 
aggregate of payments from the state legal expense fund shall be limited to a maximum of $500,000 for all claims arising out of and judgments based upon the same act or acts alleged in a single cause and shall not exceed $500,000 for any one claimant. Thus, if a judgment or claim covered by the legal expense fund exceeded $500,000, the legal expense fund would not cover such excess liability.
 CONCLUSION
The liability or malpractice insurance obtained and maintained by a health care professional licensed or registered under Chapter 330, 331,332, 334, 335, 336, 337, or 338, RSMo, who provides primary or preventive health care services within the scope of his or her license or registration at a qualified 501(c)(3) nonprofit community health center without compensation is considered unavailable to pay a claim or judgment up to $500,000 arising under Section 105.711.2(3)(d) so long as the health care professional cooperates with defending the claim. Any claim or judgment in excess of that amount would not be covered by the state legal expense fund.
Sincerely,
JEREMIAH W. (JAY) NIXON Attorney General